DAVID J. POWELL AND ESTATE OF JEANE D. POWELL, DECEASED, DAVID J. POWELL, EXECUTOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Powell v. Commissioner
Docket No. 4565-83.
United States Tax Court
T.C. Memo 1985-27; 1985 Tax Ct. Memo LEXIS 612; 49 T.C.M. (CCH) 540; T.C.M. (RIA) 85027; January 14, 1985. Claude R. Wilson, Jr. and William S. Lee, for the petitioners. David A. Hampel, for the respondent. DAWSON MEMORANDUM OPINION DAWSON, Chief Judge: This case is before the Court on petitioners' motion for an award of litigation costs which was filed on July 30, 1984, pursuant to Rule 231. [1]
Respondent determined a deficiency of $12,240.53 in petitioners' Federal income tax for the taxable year 1977. The adjustments that gave rise to the deficiency are described in the notice of deficiency as follows: WPMGA J.V./INAS Assoc.
$21,894.70 Capital Gains
(1,416.87)
Medical and Dental
614.33 Personal Exemptions
(4,500.00)
The notice of deficiency was *613 sent to petitioners on January 24, 1983. Petitioner David J. Powell was a resident of Dallas, Texas, at the time the petition was filed in this case. Petitioner Estate of Jeane D. Powell is the estate of petitioner David J. Powell's deceased wife, which he serves as executor. The return for the year here involved was filed with the Internal Revenue Service Center in Austin, Texas. Petitioners filed their petition on March 4, 1983, and requested at that time that trial of this case be held at Dallas, Texas. On May 5, 1983, respondent filed an answer to the petition. On May 23, 1984, the parties filed a stipulation with this Court agreeing that there is an overpayment of $238.34 in petitioners' Federal income tax for the taxable year 1977. The Court entered its decision on May 24, 1984. Upon petitioners' motion, the Court vacated the decision on July 13, 1984. Petitioners are requesting an award of $8,725.03 for litigation costs. In support of their motion, petitioners allege as follows: (3) The action of the Commissioner was unreasonable in that the Commissioner undertook to disallow deductions which the Movants did not take on their return. [First Allegation. *614 ] Further, the Commissioner repeatedly failed to respond to Movants' requests for an explanation or for a conference. [Second Allegation.] The Commissioner issued a Notice of Deficiency to which the Movants were required to respond in this action. [Third Allegation.] The facts upon which the Movants rely are as follows: (i) The adjustments to taxable income at issue in this case were deductions disallowed by the Commissioner as a result of audit by the Commissioner of a partnership in which the Movants were partners. The deductions which the Commissioner sought to disallow, however, were never taken as deductions by the Movants on their 1977 tax return. (ii) The Movants repeatedly responded to communications from the Commissioner attempting to explain the error. (iii) The Movants repeatedly requested a conference to explain the situation, but were repeatedly delayed and never given a conference. (iv) The Commissioner issued a Notice of Deficiency on January 24, 1983. (v) Movants were required to file a Petition in Tax Court on March 4, 1983. Petitioners did not request a hearing before this Court. In Baker v. Commissioner, 45 *615 (Nov. 28, 1984), we held that in order for the taxpayer to be a prevailing party under section 7430(c)(2)(A)(i), [2] the taxpayer must establish that the Commissioner's position after the petition was filed was unreasonable.As we stated in Baker, we must "test the reasonableness of respondent's position during the litigation from the time of the filing of the petition." (Slip opinion at p. 9). In this case the petition was filed on March 4, 1983. Thus we will carefully examine each of petitioners' allegations that respondent was unreasonable and petitioners' statement of facts on which they rely to support such reasons in light of our opinion in the Baker case. [3]
Petitioners' facts (iv) and (v) and their third allegation are merely informative and do not support a finding of unreasonable action by respondent. Petitioners' facts (ii) and (iii) refer to actions taken by respondent prior to the filing of the petition, and, therefore, pursuant to our opinion in Baker, do not support *616 a finding of unreasonableness.Petitioners' second allegation is related to these facts and is insufficient. At best, this allegation and related facts may be relevant to the issue of whether petitioners have exhausted their administrative remedies as required by section 7430(b)(2). Petitioners' first allegation, with its related fact (i), warrants additional scrutiny because there petitioners allege that respondent disallowed deductions not taken on their return and, presumably, this allegation is related to respondent's litigating position. The adjustment of which petitioners complain arises out of their investment in a partnership. [4] This adjustment appears in the notice of deficiency as "WPMGA J.V./INAS Assoc. $21,894.70." An examination of the notice of deficiency reveals that the $21,894.70 adjustment has two components: (1) additional income of $20,998.57, which respondent alleges arises because of a nonrecourse note that was forgiven or became unenforceable in 1977; and (2) a disallowance of petitioners' share of the loss from the partnership of $896.13, which respondent alleges was claimed on petitioners' return. Although a copy of the 1977 income tax *617 return was not provided to the Court, we note that petitioners agreed to the second adjustment of $896.13 in the stipulation filed May 5, 1983. Further, in fact (i), petitioners state that they were in fact partners in a partnership. Therefore, we conclude that the second adjustment must not be the subject of their allegation of unreasonableness by respondent. Hence petitioners must be referring only to the first adjustment of $20,998.57 of additional income. In this regard, they merely complain that this amount was not shown on their return. It is obvious that this amount was not on the return because if it had been reported no adjustment to income would have been made. We conclude that in their motion petitioners fail to allege that respondent's *618 position in this action after the filing of the petition was unreasonable. They also do not provide a statement of the facts supporting allegations of unreasonableness. Rule 231(b)(3) provides as follows: (b) CONTENT OF MOTION: A motion for an award of reasonable litigation costs shall be in writing and shall contain the following: * * * (3) A clear and concise statement of each reason why the moving party alleges that the position of the Commissioner in that action was unreasonable, and a statement of the facts on which the moving party relies to support each of such reasons; This Rule requires that the motion be complete. A clear and concise statement of each reason why petitioners allege respondent's position was unreasonable and a complete statement of the facts on which petitioners rely are both required. This is so, in part, because Rule 232(a)(3) contemplates that the motion filed and the response, if required, will ordinarily be sufficient to dispose of the motion without a hearing. Rule 232(a)(3) provides, in part, as follows: (3) * * * A motion for reasonable litigation costs ordinarily will be disposed of without a hearing unless it is clear *619 from the motion and the Commissioner's written response that there is a bona fide factual dispute that cannot be resolved without an evidentiary hearing. Petitioners' motion fails to comply with Rule 231(b)(3). In fact, the motion is so incomplete that it would be difficult, if not impossible, for this Court to identify any facts that might be in dispute for resolution by a hearing. Accordingly, petitioners' motion will be denied. An appropriate order and decision will be entered.
Footnotes
1. All references to rules are to the Tax Court Rules of Practice and Procedure.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. ↩
3. For purposes of this opinion, we will regard petitioners facts as true.↩
4. We have deduced that petitioners in their first allegation must not be referring to the adjustment to capital gains because this adjustment decreases petitioners' capital gains reported on the return. The adjustment to medical expenses arises solely because of the other adjustments that changed petitioners' adjusted gross income. The last adjustment to personal exemptions was made solely to arrive at a taxable income figure.↩